# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES LEE TEXTER,** | : | **CIVIL ACTION NO. 1:04-CV-0173** |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **TODD MERLINA, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 27th day of June, 2004, upon consideration of defendants' motions to dismiss or to strike (Docs. 48, 49, 57), and it appearing from the allegations of the amended complaint[1] that defendants Todd Merlina, George Buck, Tammy Tuck, Jerome Botchie, Robert Patrizi, Richard Swartz, Scott North, and several other unidentified individual members of state and local law enforcement departments participated an assault against plaintiff (Doc. 45 ¶¶ 11, 13, 20-21), arguably rendering these defendants liable under 42 U.S.C. § 1983 for the deprivation of plaintiff's rights under the Fourth Amendment to the United States Constitution, see, e.g., Graham v. Connor, 490 U.S. 386, 395 (1989); Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999), that defendants Jeffery B. Miller, Jonathan Newman,

---

[1] The allegations of the complaint are, of course, accepted as true for purposes of this review. See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to reasonableness of plaintiffs' allegations.

Michael T. DeFrank, and Thomas Newcomer in their personal capacities[2] exercised supervisory authority over the individual members of state and local law enforcement departments and knowingly failed to prevent the assault (Doc. 45 ¶¶ 25, 27, 29, 31), arguably rendering these defendants liable under 42 U.S.C. § 1983 for the deprivation of plaintiff's rights under the Fourth Amendment to the United States Constitution,[3] see, e.g., Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998); Christopher v. Nestlerode, No. 1:04-CV-0977, 2005 WL 1460433, at *10 (M.D. Pa. 2005), and that defendant the Borough of Chambersburg exercised supervisory authority over the individual members of state and local law enforcement departments and knowingly failed to promulgate policies to prevent the assault (Doc. 45 ¶ 32), arguably rendering it liable under 42 U.S.C. § 1983 for the deprivation of plaintiff's rights under the Fourth Amendment to the United States

---

[2] The court will not treat the complaint as setting forth claims against these defendants in their officials capacities. Such claims would be redundant in light of the separate claims against the municipal and state departments and, for that reason, subject to immediate dismissal. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Kentucky v. Graham, 473 U.S. 159, 167 & n.14 (1985).

[3] Despite the ambiguity of the allegations against the supervisory defendants, the court cannot conclude from the face of the complaint that plaintiff seeks relief solely on grounds of *respondeat superior*, an insufficient basis for liability under 42 U.S.C. § 1983. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., 237 F.3d 270, 272 (3d Cir. 2001) (stating that motion to dismiss should be granted "[o]nly if it appears certain that a plaintiff could prove no set of facts supporting" a right to relief); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993). These claims will be allowed to proceed, to allow for development of a factual record on the issue of whether these defendants knowingly ratified of the assault by failing to supervise their subordinates. See Christopher v. Nestlerode, No. 1:04-CV-0977, 2005 WL 1460433, at *10 (M.D. Pa. 2005).

Constitution, see, e.g., City of Canton v. Harris, 489 U.S. 378, 388 (1989); Christopher, 2005 WL 1460433, at *10, and it further appearing from the allegations of the complaint that defendants the Pennsylvania State Police, the Pennsylvania Liquor Control Board, and the Borough of Chambersburg Police Department are not "persons" within the meaning of civil rights law, precluding the imposition of liability against them under 42 U.S.C. § 1983, see, e.g., Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992), and that defendants John F. Nelson and Jill McCracken were acting at all relevant times in their roles as prosecutors and did not participate in a violation of plaintiff's constitutional rights, precluding the imposition of liability against them under 42 U.S.C. § 1983 on grounds of absolute and qualified immunity, see, e.g., Imbler v. Pachtman, 424 U.S. 409, 420-31 (1976); Giuffre v. Bissell, 31 F.3d 1241, 1251-55 (3d Cir. 1994), and it further appearing that pages 29 though 41 of the complaint present legal argument, immaterial for purposes of pleading a right to relief, see FED. R. CIV. P. 8(a), and that the demand for judgment in the complaint sets forth a claim for a specific sum, in violation of Local Rules, see L.R. 8.1, it is hereby ORDERED that the motions to dismiss or to strike (Docs. 48, 49, 57) are GRANTED in part and DENIED in part[4] as follows:

---

[4] Defendants' alternative contention, that the complaint should be dismissed based on untimely service (Doc. 58 at 5-6), is without merit. Although plaintiff was undoubtably dilatory in his service efforts (see, e.g., Doc. 44), he was granted an extension of time in which to effect service (Doc. 51) and apparently complied with that deadline (Docs. 53, 54). See FED. R. CIV. P. 4(m) (permitting court to extend time limit for service).

1. The claims against defendants John F. Nelson, Jill McCracken, the Pennsylvania State Police, the Pennsylvania Liquor Control Board, and the Borough of Chambersburg Police Department are DISMISSED.  See Fed. R. Civ. P. 12(b)(6).

2. Leave to amend is DENIED as futile.  See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

3. Pages 29 through 41 of the complaint and the claims for a specific sum set forth in the demand for judgment in the complaint are STRICKEN. See Fed. R. Civ. P. 12(f).

4. In all other respects, the motions to dismiss or to strike (Docs. 48, 49, 57) are DENIED.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge