# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES LEE TEXTER,** : | **CIVIL ACTION NO. 1:04-CV-0173** |
| **Plaintiff** : | **(CONSOLIDATED)** |
| **v.** : | |
| : | **(Judge Conner)** |
| **TODD MERLINA, et al.,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 19th day of October, 2005, upon consideration of the motion (Doc. 64), filed by defendants Jeffery B. Miller ("Miller") and Jonathan Newman ("Newman"), for reconsideration of the prior order of court (Doc. 62) denying their motion to dismiss (Doc. 57), in which defendants argue that the amended complaint does not sufficiently aver their *mens rea* for a constitutional claim, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); see also Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992) (cautioning that mere disagreement with the court does not translate into a clear error of law), and it appearing that the prior order of court acknowledged the ambiguity of the amended complaint and stated that *pro se* plaintiff's claims would be allowed to proceed to develop a factual record on the issue of whether defendants Miller and Newman possessed the requisite *mens rea*

for a constitutional claim (see Doc. 62 at 2 n.3),[1] see Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., 237 F.3d 270, 272 (3d Cir. 2001) (stating that a motion to dismiss should be granted "[o]nly if it appears certain that a plaintiff could prove no set of facts supporting" a right to relief); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Haines v. Kerner, 404 U.S. 519, 520 (1972) (providing that *pro se* plaintiff's pleadings are to be construed liberally); United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999), it is hereby ORDERED that the motion for reconsideration (Doc. 64) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[1] Defendants Miller and Newman rely on C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198 (3d Cir. 2000), to support their assertion of a manifest error of law in the order of court. Oliva, however, was based on the court's finding of a "situation in which the fair inference from the facts alleged [was] that the defendants *did not play any role* in the challenged [activity]." Id. at 202 (emphasis added). In the matter *sub judice*, it is unclear whether defendants Miller and Newman played a role in the assault.