IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES LEE TEXTER,** : | CIVIL ACTION NO. 1:04-CV-0173 |
| : | |
| Plaintiff : | (CONSOLIDATED) |
| v. : | |
| : | (Judge Conner) |
| **TODD MERLINA, JOHN DOE #1,** : | |
| **JOHN DOE #2, JANE DOE #3,** : | |
| **CORRECTION OFFICER JOHN** : | |
| **DOE #4, RICHARD SWARTZ,** : | |
| **MICHAEL T. DeFRANK, JOHN** : | |
| **DOE #5, JANE DOE #8, JOHN F.** : | |
| **NELSON, JOHN DOE #9,** : | |
| **JOHN/JANE DOE #14, BOROUGH** : | |
| **OF CHAMBERSBURG, JOHN** : | |
| **DOE #3, JONATHAN NEWMAN,** : | |
| **JEFFREY B. MILLER, GEORGE** : | |
| **BUCK, TAMMY TUCK, JEROME** : | |
| **BOTCHIE, ROBERT PATRIZI, SCOTT** : | |
| **(SCOTTY) NORTH and THOMAS** : | |
| **NEWCOMER** : | |
| : | |
| Defendants : | |

**M E M O R A N D U M**

This is a § 1983 claim institute by Charles Lee Texter ("Texter") *sui juris* arising out of his arrest at a bar in Chambersburg on January 27, 2002. The defendants are the Borough of Chambersburg, its Mayor, Thomas Newcomer ("Newcomer"), its Chief of Police, Michael DeFrank ("DeFrank") and officers Richard Swartz ("Swartz") and Scott North ("North") (hereinafter referred to collectively as "Borough Defendants"), and Jeffrey B. Miller, Commissioner of the Pennsylvania State Police ("Miller"), Jonathan Newman, former Chairman of the Pennsylvania Liquor Control Board ("Newman"), and Liquor Control Board

("LCB") officers Todd Merlina ("Merlina"), George Buck ("Buck"), Tammye Tuck ("Tuck"), Jerome Botchie ("Botchie") and Robert Patrizi ("Patrizi") (hereinafter referred to collectively as "Commonwealth Defendants").  Texter alleges that the defendants used excessive force during the course of his arrest.  Presently before the court is a motion for summary judgment filed by the Borough Defendants (Doc. 78) and a motion for partial summary judgment filed by the Commonwealth Defendants (Doc. 80).[1]

For the reasons that follow, the motions will be granted.  However, the case will proceed to trial on plaintiff's claims against defendants Merlina, Buck, Botchie and Patrizi for excessive use of force and against defendant Tuck for failure to intervene.

---

[1] Texter untimely filed two motions for summary judgment (Docs. 92, 95). The order of court dated September 19, 2006 (Doc. 103) directed Texter to show cause why the motions should not be stricken as untimely.  Texter responded that he did not understand the meaning of "dispositive motion" in the court's prior scheduling order.  (See Doc. 104.)  Even if not untimely, Texter's motions for summary judgment will be denied.  These motions are clearly Texter's attempt to oppose defendants' motions for summary judgment.  Each motion merely contains a sworn statement of Texter.  And in the briefs in support (Docs. 93, 96) of the motions, Texter merely reproduces the text of Rule 56 of the Federal Rules of Civil Procedure and of Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Accordingly, Texter's motions for summary judgment (Docs. 92, 95) will be denied without further discussion.  The court has considered the sworn statement of Texter (Doc. 92 at 5-17; Doc. 95 at 3-17) and it does not alter the court's analysis of defendants' motions for summary judgment.

I.  **Statement of Facts and Procedural History**

   A.  **Application of Local Rule 56.1**

In accordance with the standard of review of a motion for summary judgment, the court will present the facts in the light most favorable to Texter. See infra Part II. In support of their motions for summary judgment, both the Borough Defendants and the Commonwealth Defendants filed Local Rule 56.1 Statements containing separate averments of undisputed material facts with citations to the portions of the record supporting each averment. (Docs. 84, 87). Plaintiff did not file a statement of material facts in response to defendants' Rule 56.1 Statements and, accordingly, the court ordered plaintiff to prepare and file these responsive statements on or before October 6, 2006. (Docs. 99, 101). The court's orders specifically provided, in pertinent part:

> 2. The statement of material facts shall include <u>specific references to the parts of the record</u> that support the statements and shall comply in all respects with Local Rule 56.1.
>
> 3. Failure to file timely a statement of material facts in accordance with Local Rule 56.1 will result in the facts set forth in defendants' statement of material facts (Docs. 84, 87) being deemed admitted. See L.R. 56.1.

Id. Plaintiff filed his responses on October 5, 2006. (See Docs. 105, 106). These responsive statements do not address the substance of the defendants' Rule 56.1 Statements and contain impertinent information or inappropriate objections. For example, in response to the Commonwealth Defendants' averment that defendant

3

Jeffrey B. Miller is the Commissioner of the Pennsylvania State Police (Doc. 87 ¶ 2) plaintiff responds:

> NOTICE TO THE COURT: This alleged fact is based on the employment records of Jeffery B. Miller which have never been made part of the record nor were the records disclosed as discoverable materials via F.R.Civ. P.*r (sic)* thus the contention that Jeffery B. Miller is *the* Commissioner of the Pennsylvania State Police is very much in contention as nothing of-record distinguishes Miller from a run-of-the-mill hoodlum; regardless, nothing alleged in this statement defeats the claims of Charles Lee Texter, Agent.

(Doc. 106 ¶ 2).

Local Rule 56.1 provides parties with precise parameters for the presentation of summary judgment issues. In the instant case, plaintiff's responsive statement of material facts fails to comply with Local Rule 56.1. The responsive paragraphs do not controvert the factual averments and fail to include record references. Accordingly, the court has accepted defendants' Rule 56.1 statements as true. See L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

### B.     Factual Background

Plaintiff Charles Lee Texter is a disabled veteran who resides in Chambersburg, Pennsylvania. (Doc. 87 ¶ 1). Due to injuries sustained as a Marine during the Vietnam War, Texter's left leg was amputated above the knee. (Id.) Texter walks with the aid of a prosthetic leg. (Id.)

Swartz and North are law enforcement officers employed by the Chambersburg Police Department. Both Swartz and North have completed all applicable training for municipal police officers. (Doc. 84 ¶¶ 1-4, 15-17.) Merlina, Buck, Tuck, Botchie and Patrizi are employed as Liquor Control Enforcement Officers ("LCE") for the Pennsylvania State Police. Each has completed requisite training and instruction concerning the Pennsylvania Crimes Code, the Pennsylvania Liquor Code and Pennsylvania State Police policies regarding the use of force. (Doc. 87 ¶¶ 6-7.)

On the evening of January 26 and the morning of January 27, 2002, Merlina was the supervisor for an investigation of possible underage drinking at Dilly's Tavern and Restaurant located in Chambersburg, Pennsylvania. Liquor Enforcement Officers Tuck, Buck, Botchie and Patrizi were involved in this operation. (Id. ¶ 7.) Swartz and North and several other officers of the Chambersburg Police Department assisted in the operation. (Id. ¶ 8.)

During the inspection for underage drinking there was an incident involving Texter and various LCE agents in the area of the pool tables. (Doc. 84 ¶ 9.) Texter was placed under arrest after he purportedly interfered with Merlina and other LCE officers during their investigation of underage drinking. According to defendants, Texter was argumentative, refused to leave the area of the investigation, and made physical contact with Merlina. (Doc. 87 ¶ 9.) Texter, on the other hand, contends that Merlina was the aggressor and initiated physical contact with him in response to his request that Merlina produce a photo ID. It is

5

undisputed that a scuffle ensued, that Texter resisted arrest, and that LCE officers applied force to take Texter into custody and transport him to the Chambersburg Police Department. (Id. ¶ 11.) It is also undisputed that Texter was found guilty of disorderly conduct by the Franklin County Court of Common Plea for his actions at Dilly's Tavern and Restaurant on January 27, 2002. (Id. ¶ 12.)

None of the Borough Defendants participated in the physical arrest of Texter.[2] (Doc. 84 ¶ 48). In fact, it is undisputed that neither North nor Swartz were witnesses to the scuffle between plaintiff and officers Merlina, Buck, Botchie and Patrizi. Swartz was 45 to 60 feet away and North was near Dilly's entrance. (Id. ¶¶ 9-12, 20-21, 61). North assisted in the transportation of Texter to the Chambersburg Police department, arriving at the station at approximately 1:27 a.m. (Id. ¶ 47). Texter was placed in a holding cell.

At approximately 2:40 a.m. on January 27, 2002, Texter requested medical treatment. Swartz immediately directed North and an LCE officer to transport Texter to Chambersburg Hospital. They arrived at the hospital at approximately 2:50 a.m. At no time on January 27, 2002, did any of the Borough Defendants deny Texter access to medical treatment. (Id. ¶¶ 24, 27, 64.) To the contrary, the

---

[2] Chief DeFrank was not present at Dilly's Tavern and Restaurant on January 27, 2002 and had no involvement whatsoever in the incident giving rise to Texter's lawsuit. Similarly, Newcomer was elected Mayor of the Borough of Chambersburg in November 2001 and was sworn into office in January 2002. The Mayor was not present at Dilly's Tavern and Restaurant on January 27, 2002 and he has no involvement in the day-to-day supervision of the police department.

6

Borough Defendants reasonably and timely responded to Texter's requests for medical treatment.

Merlina was the senior officer from the Pennsylvania State Police at Dilly's Tavern and Restaurant and he was in charge of the operation.[3] Merlina had authority to conduct the operation without the prior approval of Commissioner Miller or other high ranking officials in the Pennsylvania State Police. Consequently, Commissioner Miller did not provide any oversight of the operation nor did he participate in any supervisory capacity. (Doc. 87 ¶ 10.) Only four—Merlina, Buck, Botchie and Patrizi—of the Commonwealth Defendants personally participated in the custodial arrest of Texter. Although she was a witness to some of the events in question, Defendant Tammye Tuck did not participate in the physical arrest of Texter. (Id. ¶¶ 7, 10, 11.)

C.  **Procedural History**

Texter commenced the present action, *pro se*, by filing a complaint in the Middle District of Pennsylvania on January 23, 2004. Texter filed a separate civil action in the Court of Common Pleas of Franklin County arising out of the same incident. On March 8, 2004, defendants removed the state court action to this court

---

[3] Newman had no personal involvement in the incident giving rise to Texter's lawsuit. In addition, the court notes that the Pennsylvania Liquor Control Board ("PLCB") is an independent Commonwealth agency. The PLCB oversees the regulation and sale of alcoholic beverages in the Commonwealth of Pennsylvania. In 1987, the Pennsylvania State Police assumed responsibility for enforcement of Pennsylvania's Liquor Code. See 47 PA. STAT. ANN. § 2-211. The PLCB does not have authority to engage in enforcement actions. That responsibility currently lies with the Bureau of Liquor Control Enforcement of the Pennsylvania State Police.

pursuant to 28 U.S.C. § 1441(c). By order of March 22, 2004 (Doc. 19), the court consolidated the removed action (Middle District Docket No. 1:04-CV-0503) with the instant matter. On November 22, 2004, Texter filed a consolidated, amended complaint. (Doc. 45.) Several defendants filed motions to dismiss and, by order of June 27, 2005 (Doc. 62), the court granted in part and denied in part defendants' motions. The Borough Defendants filed a motion for summary judgment on August 14, 2006 and the Commonwealth Defendants filed a motion for partial summary judgment on August 16, 2006. The briefing closed in November 2006 and this matter is ripe for disposition. (See Doc. 113).

## II. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact," and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). It places the burden on the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (holding that summary judgment is warranted when the non-movant has no evidentiary support of an essential element on which it bears the burden of proof). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see

also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

**III.    Discussion**

Section 1983 of Title 42 of the United States Code provides private citizens with a means to redress violations of federal law committed by state actors. See 42 U.S.C. § 1982. The statute provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of federal law. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The *pro se* complaint[4] raises separate claims against the Borough Defendants and the Commonwealth Defendants.

### A.     Claims Against Borough Defendants

As a threshold matter, the lack of any constitutional violation by Officers North and Swartz is fatal to plaintiff's § 1983 claims against the Mayor, Police Chief and the Borough itself.  In his amended complaint, Texter alleges that the Borough Defendants used excessive force in violation of the Fourth Amendment or failed to intervene in the excessive use of force undertaken by the Commonwealth Defendants, and were recklessly indifferent to his serious medical needs in violation of the Fourteenth Amendment.  (Doc. 45 at 14-15, 17-18, 23-25.)

In the instant matter, it is unnecessary for the court to analyze plaintiff's claims under the Fourth Amendment reasonableness standard, see Graham v. Connor, 490 U.S. 366, 395 (1989), because the record before the court is devoid of any evidence of active participation by the Borough Defendants in the custodial arrest of Texter.  To the contrary, the record reflects that neither North nor Swartz witnessed the altercation between state police officers and Texter.

To establish liability pursuant to § 1983, plaintiff must prove that defendants were personally involved in the alleged constitutional deprivation.  Sutton v. Rasheed, 323 F.3d 236, 239 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207

---

[4] The court has liberally construed plaintiff's pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (providing that *pro se* plaintiff's pleadings are to be construed liberally); see also Leamer v. Fauver, 288 F.3d 532, 547-48 (3d Cir. 2002) (stating that the court should construe *pro se* pleadings liberally).

3d Cir. 1988). Indeed, the record reflects that defendants North and Swartz had no personal involvement in the altercation and no opportunity to intervene. See Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002) (holding that an officer can only be liable under the Fourth Amendment for failure to intervene if he is presented with a realistic and reasonable opportunity to reach the offending officer). Based upon the undisputed facts of record, plaintiff's Fourth Amendment claims against the Borough Defendants are without merit.[5] In addition, Texter asserts § 1983 municipal liability claims against the Borough of Chambersburg. (Doc. 45 at 18, 25.) Texter, however, has failed to present any facts in support of these claims. It is a well-settled principle of law that a party responding to a properly supported motion for summary judgment may not rest upon the allegations in the pleadings. FED. R. CIV. P. 56(e). After the Borough Defendants filed their motion for summary judgment, Texter was required, by affidavit or as other wise provided in Rule 56, "to set forth specific facts showing there is a genuine issue for trial." Id. Texter has failed to present any evidence of a Borough policy or custom sufficient to establish § 1983 municipal liability against the Borough of Chambersburg. See City of Canton v. Harris, 489 U.S. 378, 392 (1989).

---

[5] Texter's amended complaint also appears to assert § 1983 supervisory liability claims against Mayor Newcomer and Chief DeFrank. (Doc. 45 ¶¶ 29, 31 at 17-18.) These claims cannot succeed based upon the court's rejection of Texter's claims against North and Swartz and, further, based upon the complete lack of evidentiary support. See Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001).

Similarly, plaintiff's Fourteenth Amendment claims against the Borough Defendants are without merit. As a pretrial detainee, Texter retains due process rights under the Fourteenth Amendment. These rights are "as least as great as the Eighth Amendment protections available to convicted persons." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); see also Fuentes v. Wagner, 206 F.3d 335, 343 (3d Cir. 2000) (holding that "under the Fourteenth Amendment, a pretrial detainee is entitled 'at a minimum, [to] no less protection' than a sentenced inmate is entitled to under the Eighth Amendment." (citation omitted)). In Fuentes, the Third Circuit observed:

> In Kost v. Kozakiewicz, 1 F.3d 176, 188, n.10 (3d Cir. 1993), we noted that "pretrial detainees . . . are entitled to at least as much protection as convicted prisoners, so the protections of the Eighth Amendment would seem to establish a floor of sorts. It appears that no determination has yet been made regarding how much more protection unconvicted prisoners should receive.

206 F.3d at 344.

In the instant case, the court need not resolve the precise parameters of the additional protection to be afforded pretrial detainees because there is no evidence of indifference, let alone deliberate indifference. To the contrary, the uncontroverted facts are that Texter was transported to Chambersburg Hospital less than two hours after his booking and within ten minutes of his request for medical treatment. It is also undisputed that he received appropriate care and treatment during the course of his stay at the emergency room. Simply stated, there are no facts of record from which a reasonable jury could infer a violation of

plaintiff's Fourteenth Amendment rights and Borough Defendants are entitled to the entry of summary judgment in their favor.

### B. Claims Against Commonwealth Defendant

#### 1. Claims Against Newman and Miller

In his amended complaint, Texter asserts § 1983 supervisory liability claims against Newman and Miller. In order to maintain a claim for supervisory liability, the plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the plaintiff was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk, and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure. Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001). In Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989), the Third Circuit emphasized that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did," rather the plaintiff must identify specific acts or omissions of the supervisor that evidenced deliberate indifference and persuade the court that there is a "relationship between the 'identified deficiency' and the 'ultimate injury.'" Id.

Clearly, these elements have not been satisfied with respect to either Miller or Newman. With respect to Newman, it is undisputed that the Pennsylvania State Police is responsible for the enforcement of the state's Liquor Code. The

13

Pennsylvania Liquor Control Board simply has no authority or control over the law enforcement action of the state police.  As a matter of law, there is no basis for § 1983 liability against Newman under the circumstances.

With respect to Miller, the undisputed facts of record establish that the officers in question were trained in basic police procedures, including the proper use of force during a custodial arrest.  The Commonwealth Defendants have an existing policy governing the use of force by officers in the Bureau of Liquor Control Enforcement.  (Doc. 88, Merlina Declaration, Ex. A.)  In addition, all of the officers receive training at the State Police Academy at the beginning of their employment, which training includes instruction on the Pennsylvania State Police's policy regarding the use of force.  All of the officers involved in the altercation with Texter were adequately and properly trained regarding the Pennsylvania State Police's use of force policy.  Texter has failed to present any facts of record which would support any element of a claim for supervisory liability against Miller. Accordingly, Miller is entitled to summary judgment on these claims.

### 2. **Claims Against Merlina, Botchie, Buck, Patrizi and Tuck**

The remaining Commonwealth Defendants concede that there are genuine issues of material fact on Texter's claims of excessive use of force in his arrest. (Doc. 80 at 8 n.6).  However, the Commonwealth Defendants claim that Tuck is entitled to summary judgment because she was not personally involved in the physical arrest of Texter and did not have the authority or ability to intervene. Unlike defendant Swartz and North, Tuck was a witness to the physical altercation

between Texter and the remaining Commonwealth Defendants. Under the circumstances, and in light of the authority set forth in Smith v. Mensinger, supra, the court finds that a genuine issue of material fact remains as to whether Tuck had a realistic and reasonable opportunity to intervene. The court recognizes that Tuck's liability is dependent upon the success of plaintiff's case against the remaining Commonwealth Defendants. Nevertheless, factual issues remain and the matter of Tuck's potential liability must be presented to the jury.

For the foregoing reasons, the court will enter summary judgment in favor of the Borough Defendants and in favor of defendants Newman and Miller. The case will proceed to trial on plaintiff's claims of excessive use of force against defendants Merlina, Buck, Botchie and Patrizi and on plaintiff's claim against Tuck for failure to intervene.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      September 21, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES LEE TEXTER,** : | CIVIL ACTION NO. 1:04-CV-0173 |
| **Plaintiff** : | (CONSOLIDATED) |
| v. : | |
| : | (Judge Conner) |
| **TODD MERLINA, JOHN DOE #1,** : | |
| **JOHN DOE #2, JANE DOE #3,** : | |
| **CORRECTION OFFICER JOHN** : | |
| **DOE #4, RICHARD SWARTZ,** : | |
| **MICHAEL T. DeFRANK, JOHN** : | |
| **DOE #5, JANE DOE #8, JOHN F.** : | |
| **NELSON, JOHN DOE #9,** : | |
| **JOHN/JANE DOE #14, BOROUGH** : | |
| **OF CHAMBERSBURG, JOHN** : | |
| **DOE #3, JONATHAN NEWMAN,** : | |
| **JEFFREY B. MILLER, GEORGE** : | |
| **BUCK, TAMMY TUCK, JEROME** : | |
| **BOTCHIE, ROBERT PATRIZI, SCOTT** : | |
| **(SCOTTY) NORTH and THOMAS** : | |
| **NEWCOMER** : | |
| : | |
| **Defendants** : | |

## O R D E R

AND NOW, this 21st day of September, 2007, upon consideration of defendants' motions for summary judgment (Docs. 78, 80), and plaintiff's motions for summary judgment (Docs. 92, 95), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The Borough Defendants' motion for summary judgment (Docs. 78) is GRANTED. Summary judgment is GRANTED in favor of the Borough Defendants on all counts.

2. The Commonwealth Defendants' motion for summary judgment (Doc. 80) is GRANTED in part and DENIED in part as follows:

       a.     Summary judgment is GRANTED in favor of defendants Miller and Newman on all counts.

       b.     The motion is otherwise DENIED.

3. Plaintiff's motions for summary judgment (Docs. 92, 95) are DENIED.

4. The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

5. The case will proceed to trial on plaintiff's claims against defendants Merlina, Buck, Botchie and Patrizi for excessive use of force and against defendant Tuck for failure to intervene.

6. A pretrial and trial schedule will issue by future order of court.

       S/ Christopher C. Conner  
       CHRISTOPHER C. CONNER  
       United States District Judge