IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES LEE TEXTER,** : | **CIVIL ACTION NO. 1:04-CV-0173** |
|  : | |
| **Plaintiff** : | **(CONSOLIDATED)** |
| v.  : | |
|  : | **(Judge Conner)** |
| **TODD MERLINA, et al.,** : | |
|  : | |
| **Defendants** : | |

## ORDER

AND NOW, this 26th day of February, 2008, upon consideration of the motion in limine (Doc. 124) in which defendants seek to: (1) preclude plaintiff from presenting any evidence that his arrest and subsequent criminal conviction for disorderly conduct were unlawful, (2) permit defendants to refer to plaintiff's conviction for disorderly conduct stemming from the January 27, 2002 incident, (3) preclude plaintiff from presenting any evidence of lost income or diminished earning capacity, and (4) preclude plaintiff from presenting any evidence regarding physical or mental injury and/or injury to his prosthesis,[1] and it appearing that the only remaining claims in the instant action are excessive force and failure to intervene (see Docs. 116, 133), and that plaintiff cannot collaterally challenge the validity of his state criminal conviction in the instant action, see Heck v. Humphrey, 512 U.S. 477 (1994), and the court finding that plaintiff's conviction for disorderly conduct stemming from the January 27, 2002 incident is relevant to the remaining claims, see Graack v. Borough of Nazareth, 852 F. Supp. 370 (E.D. Pa. 1994) (permitting defendants to introduce evidence of plaintiff's convictions for resisting

---

[1] Defendants argue that plaintiff needs expert testimony on the issue of causation of his alleged injuries.

arrest and disorderly conduct in action involving excessive force claims); see also Howard v. Yock, No. 97-3102, 1998 WL 961895 (E.D. Pa. Dec. 29, 1998) (finding evidence of plaintiff's conviction for simple assault, resisting arrest, and disorderly conduct "relevant because it would provide the jury with a fuller account of the events giving rise to [plaintiff's] present claims" of excessive force and arrest without probable cause), and that, with a limiting instruction to the jury, the probative value of plaintiff's conviction outweighs the danger of unfair prejudice, see FED. R. EVID. 403,[2] and the court further finding that plaintiff waived any claims for lost income and diminished earning capacity,[3] and it appearing that plaintiff does not need expert testimony when there is an "obvious causal connection"

---

[2] Plaintiff cites Rule 404 of the Federal Rules of Evidence to support his contention that defendants should be precluded from offering evidence of his conviction for disorderly conduct because he has not made character an issue in this action. This argument is without merit. The evidence of plaintiff's conviction will not be used as evidence of his character. See FED. R. EVID. 404.

[3] During plaintiff's deposition, he refused to answer questions regarding his income and informed defendants' counsel that he was not seeking damages for lost income or diminished earning capacity:

> Plaintiff: I do not wish to voluntarily give any statements of my income.
> \* \* \*
> Counsel: In this lawsuit you are asking for certain damages to be awarded to you. Is one element of those damages either diminished earning capacity or lost income as a result of the January 27, 2002 incident?
>
> Plaintiff: No.
>
> Counsel: So any claims for economic or special damages that you would have would be limited to medical bills, out-of-pocket expenses, things of that nature. You are not asserting any claim that you have lost income as a result of this incident?
>
> Plaintiff : That's correct.

(Doc. 124, Ex. B at 15.)

between the alleged act and injuries, see Niklaus v. Vivadent, Inc., U.S.A., 767 F. Supp. 94 (M.D. Pa. 1991) ("'Pennsylvania law is clear that in a personal injury case when there is no obvious causal relationship between the accident and the injury, unequivocal medical testimony is necessary to establish the causal connection.' An obvious causal relationship exists when the injury is either an 'immediate and direct' or the 'natural and probable' result of the complained of act. The injury and the act must be so closely connected that a lay person could diagnose the causal connection." (citations omitted)), but that plaintiff may not offer lay opinion testimony regarding the permanent nature and/or medical diagnoses of any physical and psychological symptoms,[4] see FED. R. EVID. 701 (prohibiting lay witnesses from offering opinions "based on scientific, technical, or other specialized knowledge"), it is hereby ORDERED that the motion in limine (Doc. 124) is GRANTED in part and DENIED in part as follows:

1. Plaintiff is precluded from presenting any evidence, or arguing, that his arrest and subsequent criminal conviction for disorderly conduct were unlawful. In other words, plaintiff is precluded from offering evidence to support claims of false arrest, false/malicious imprisonment, malicious prosecution, or denial of due process of law.

2. With a limiting instruction to the jury, defendants shall be permitted to refer to plaintiff's conviction for disorderly conduct stemming from the January 27, 2002 incident. Defendants shall file, at or before noon on Friday, February 29, 2008, a proposed limiting instruction regarding this evidence.

3. Plaintiff is precluded from presenting any evidence of lost income or diminished earning capacity.

---

[4] For example, plaintiff cannot offer evidence of post-traumatic stress disorder without an expert. As discussed during the pretrial conference between the parties, plaintiff failed to produce any expert reports to defendants. Therefore, plaintiff will be precluded from presenting any expert testimony at trial.

4. Plaintiff is precluded from offering lay opinion testimony regarding injuries when there is no obvious causal connection between the alleged act and injuries. At trial, the court will determine whether an obvious causal connection exists for each injury.

5. Plaintiff is precluded from offering lay opinion testimony regarding:

    a. The permanent nature of his physical and psychological symptoms, and

    b. The medical diagnoses of his physical and psychological symptoms (e.g., post traumatic stress disorder). See FED. R. EVID. 701.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge