## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES LEE TEXTER**, | : | **CIVIL ACTION NO. 1:04-CV-0173** |
| | : | |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | |
| | : | (Judge Conner) |
| **TODD MERLINA, et al.**, | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this 29th day of February, 2008, upon consideration of the trial exhibits submitted by plaintiff,[1] and it appearing that plaintiff has identified a security tape from the surveillance cameras at Dilly's (Ex. A), and it appearing that the tape does not show an uninterrupted version of the events, but shows a compilation of pictures taken every one to three seconds by the surveillance cameras, and the court finding that certain portions of the video are relevant to plaintiff's remaining claims,[2] see FED. R. EVID. 401, 402, and that, with an instruction to the jury regarding the nature and quality of the tape, the probative value of the relevant portions of the security tape outweighs "the danger of unfair prejudice, confusion of the issues, or misleading the jury," see id. 403, but that the other portions of the security tape are either irrelevant to plaintiff's claims or their

---

[1] The order of court dated February 11, 2008 (Doc. 146) directed plaintiff to submit his trial exhibits by February 28, 2008.

[2] These relevant portions are: (1) the split-screen video with the parking lot, the entrance/exit area of Dilly's, and the pool table area from 1:02:07 through 1:09:01 and (2) the entire full-screen video.

probative value is "substantially outweighed . . . by considerations of undue delay [or] waste of time," see id. 401-403, it is hereby ORDERED that with an instruction to the jury regarding the nature and quality of the tape, plaintiff shall be permitted to show the relevant portions of the security tape (Ex. A), see supra note 2.[3]

                                           S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge

---

[3] This ruling should not be construed as any indication of the court's view on the admissibility of the other trial exhibits submitted by plaintiff.