# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES LEE TEXTER**, | CIVIL ACTION NO. 1:04-CV-0173 |
| | |
| | (Judge Conner) |
| Plaintiff | |
| v. | |
| | |
| **TODD MERLINA**, *et al.*, | |
| | |
| Defendants | |

## ORDER AND JUDGMENT

AND NOW, this 15th day of January, 2010, upon consideration of plaintiff's motion (Doc. 179) to appeal Judge Conner and clerk's judgment and taxation of costs, wherein plaintiff contests the clerk's December 2, 2009 judgment (Doc. 177) taxing costs against him in the amount of $640.95, and argues that a taxation of costs is inappropriate because plaintiff's petition for rehearing *en banc* remains pending before the Third Circuit Court of Appeals, (see Doc. 179), and it appearing that the Third Circuit Court of Appeals denied plaintiff's rehearing *en banc* petition on July 2, 2009,[1] see Texter v. Merlina, No. 08-2020 (3d Cir. July 2, 2009), that Federal Rule of Civil Procedure 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party, see In re Paoli Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000), and that plaintiff has not contended that he is indigent or unable

---

[1] Plaintiff's appeal was initially rejected by the Third Circuit on May 26, 2009. See Texter v. Merlina, 333 F. App'x 680 (3d Cir. 2009) (per curiam).

to pay the costs taxed,[2] see id. at 463 (setting forth factors for the court's consideration, including a losing party's indigence or inability to pay), and it further appearing that the costs imposed in the above-captioned matter were those directly billed to defendants for the reproduction of plaintiff's deposition transcript, (see Doc. 172), that costs "for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable pursuant to 28 U.S.C. § 1920, and that a transcript of plaintiff's deposition was necessary in order to defend against plaintiff's claims and that the amount taxed herein is reasonable under the circumstances, see Adams v. Teamsters Local 115, Civ. A. No. 99-4910, 2007 WL 2071897, at *8 (E.D. Pa. July 17, 2007) (explaining that depositions need only "appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken"); Fitchett v. Stroehmann Bakeries, Inc., No. Civ. A. 95-284, 1996 WL 47977, at *4 (E.D. Pa. Feb. 5, 1996) (holding that "[d]epositions used in support of a motion for summary judgment are necessarily obtained for use in a case"); cf. Morgan-Mapp v. George W. Hill Corr. Facility, Civ. A. No. 07-2949, 2009 WL 1035141, at *2 (E.D. Pa. Apr. 16, 2009) (rejecting imposition of costs for depositions taken merely to acquire background information), it is hereby ORDERED that:

---

[2] Plaintiff also did not prosecute the above-captioned matter *in forma pauperis*. Even if he had, however, "statutes permitting in forma pauperis proceedings provide indigent litigants an opportunity to litigate their claims; they ordinarily do not relieve them from eventual payment of costs." Lindsey v. Vaughn, No. Civ. A. 93-2030, 2001 WL 1132409, at *2 (E.D. Pa. Sept. 24, 2001).

1. Plaintiff's motion (Doc. 179) to appeal Judge Conner and clerk's judgment and taxation of costs is DENIED.

2. The Clerk's taxation of costs (Doc. 177) is AFFIRMED.

3. Judgment is ENTERED for defendants in the amount of $640.95.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge